WAMPUM OIL CORPORATION, a Delaware corporation,

*vs.*

LAGO PETROLEUM CORPORATION, a Delaware corporation, AND VENEZUELA SYNDICATE, INC., a Delaware corporation.

*New Castle, July 27, 1932.*

*John Biggs, Jr.,* for complainant.

*Christopher L. Ward, Jr.,* of the firm of Marvel, Morford, Ward & Logan, for defendant Lago Petroleum Corporation.

THE CHANCELLOR: The question presented by the demurrer is a narrow one. It does not raise the question of

the defendant's duty to account, that is to say it does not call for a decision upon whether such relations exist between the parties as would justify a resort to equity for the relief of accounting. It assumes for the purpose of the argument that such relations exist.

The complainant fails by its bill to show that it has ever paid or tendered to the defendant the monthly sums to cover cost plus ten per cent. due to the defendant as compensation for drilling and operation of the wells. It shows that the complainant controverts the cost-plus charges rendered to it by the defendant in an amount of about $125,-000.00, and it says that for that reason it could not pay the monthly sums due. The bill is not specific upon the point, but its necessary inferences are that the complainant was certainly obligated to the defendant for proper charges in some amount. It does not allege payment or tender of that amount, nor does it allege an excuse therefor. So far as appears from the bill the amount of the items properly chargeable against the complainant may be in excess of the amount properly due it from the defendant. There is no allegation of readiness and willingness on the complainant's part to pay the sums if any found due from it to the defendant.

It is true that in the new paragraph 30-x added to the bill by way of amendment, the complainant alleges that it had fully performed all of its obligations under the contract. This allegation however is so qualified by the immediately succeeding sentences that it is whittled away. How the complainant can say that it has fully performed its contract when it immediately shows that it has failed to pay or to tender the monthly charges due from it, I cannot understand. Of course if an adequate excuse were set up, the matter would be different; or under proper allegations it may be that a tender of readiness and willingness to perform might be sufficient.

I am of opinion the demurrer should be sustained, and it will be so ordered.